**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL CROOK,

        Plaintiffs,

  v.

PACIFIC GAS AND ELECTRIC COMPANY,

        Defendant.

_____/

No. C-08-4623 MMC

**ORDER AFFORDING PLAINTIFF OPPORTUNITY TO FILE SUR-REPLY; CONTINUING HEARING**

      Before the Court is defendant's motion to dismiss, filed October 9, 2008, in which defendant expands on the argument in its Notice of Removal that plaintiff's claims are governed by a collective bargaining agreement and thus may be brought, if at all, under § 301 of the Labor Relations Management Act, 29 U.S.C. § 185 ("§ 301"), and argues that such claims are barred by the six month statute of limitations for "hybrid § 301/fair representation" claims pursuant to DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151 (1983). See id. at 165, 169, 171 (holding six-month statute of limitations provided by § 10(b) of National Labor Relations Act applicable to § 301 claims by employees alleging both unfair representation by union and breach of collective bargaining agreement by employer).

      Plaintiff, in his opposition, does not dispute that his claims arise under § 301; instead, plaintiff argues he has not alleged a "hybrid" claim, but, rather, that he has alleged

1   solely a breach of the collective bargaining agreement and that such claim, pursuant to Int'l

2   Union, United Automobile, Aerospace & Agricultural Workers of Am. v. Hoosier Cardinal

3   Corp., 383 U.S. 696 (1966), is governed by the appropriate state statute of limitations.  See

4   id. at 704-05 & n.7 (holding "the timeliness of a § 301 suit" for breach of collective

5   bargaining agreement "is to be determined, as a matter of federal law, by reference to the

6   appropriate state statute of limitations").  Plaintiff asserts the appropriate state statute, in

7   the instant action, is California's four-year statute of limitations for breach of a written

8   contract.  See Cal. Code Civ. Proc. § 337.

9          Defendant, in its reply, argues that if plaintiff has alleged solely a breach of the

10  collective bargaining agreement, such claim is precluded by the provisions in said

11  agreement governing the finality of the grievance procedures provided therein, in which

12  proceedings plaintiff participated and which, plaintiff admits, resulted in a decision in favor

13  of defendant.  (See Def.'s Req. Judicial Notice Ex. A (Agreement between Pacific Gas and

14  Electric Company and Local Union Number 1245 of International Brotherhood of Electrical

15  Workers) (hereafter, "CBA"), at § 102.4 (providing "[t]he resolution of a timely grievance at

16  any of the steps provided herein shall be final and binding on the Company, Union and

17  grievant")[1]; Compl. ¶ 12 (alleging "[plaintiff's] grievance was denied and his termination was

18  upheld through the PG & E and Union grievance procedures")); see also DelCostello, 462

19  U.S. at 163-64 (noting employee who participates in "grievance or arbitration remedies

20  provided in the collective bargaining agreement" will, "[s]ubject to very limited judicial

21  review . . . be bound by the result according to the finality provisions of the agreement," but

22  "when the union representing the employee in the grievance/arbitration procedure . . .

23  breach[es] its duty of fair representation . . . . an employee may bring suit against both the

24  employer and the union, notwithstanding the outcome or finality of the grievance or

25  arbitration proceeding").

26

27          [1]Concurrently with the instant motion, defendant filed a Request for Judicial Notice.
     Plaintiff having made no objection, and good cause appearing, the request is hereby
28   GRANTED.

2

1    As the argument made in defendant's reply is not based on the initially-raised

2    ground of the statute of limitations, and, consequently, plaintiff has not had an opportunity

3    to respond to such argument, the Court will afford plaintiff an opportunity to file a sur-reply.

4    Any such sur-reply shall be filed no later than December 8, 2008, and shall not exceed 15

5    pages in length, independent of any declarations and/or exhibits.

6    In light of the above, the hearing scheduled for December 5, 2008 is hereby

7    CONTINUED to January 9, 2009.

8

9    **IT IS SO ORDERED.**

10   Dated:  November 26, 2008

11                                                    MAXINE M. CHESNEY
                                                     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3