IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CROOK, | No. C-08-4623 MMC |
|     Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING** |
| v. | |
| PACIFIC GAS AND ELECTRIC COMPANY, | |
|     Defendant.                        / | |

Before the Court is defendant's motion to dismiss, filed October 9, 2008. Plaintiff has filed opposition, defendant has filed a reply, and plaintiff has filed a sur-reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for January 9, 2009, and rules as follows.

As set forth in the Court's Order filed November 26, 2008, the Court afforded plaintiff an opportunity to file a sur-reply to address defendant's argument, made in its reply, that to the extent plaintiff has alleged solely a breach of the collective bargaining agreement under § 301 of the Labor Relations Management Act, 29 U.S.C. § 185 ("§ 301"), plaintiff's claim is precluded by provisions in said agreement governing the finality of the grievance procedures provided therein, in which procedures plaintiff participated and which, plaintiff admits, resulted in a decision in favor of defendant. (See Order filed Nov. 26, 2008, at 2-3.)

In his sur-reply, plaintiff fails to address this argument; instead, plaintiff reiterates his argument, originally made in his opposition, that his claim is not barred by the six-month statute of limitations for hybrid claims alleging both a breach of a collective bargaining agreement and a breach of the duty of fair representation, for the reason that his claim is solely for a breach of the collective bargaining agreement.

Plaintiff having failed to show such provisions are inapplicable to his claim, the Court finds plaintiff's claim is precluded by the finality provisions in the collective bargaining agreement.  (See Def.'s Req. Judicial Notice Ex. A (Agreement between Pacific Gas and Electric Company and Local Union Number 1245 of International Brotherhood of Electrical Workers), at § 102.4 (providing "[t]he resolution of a timely grievance at any of the steps provided herein shall be final and binding on the Company, Union and grievant")[1]; Compl. ¶ 12 (alleging "[plaintiff's] grievance was denied and his termination was upheld through the PG & E and Union grievance procedures")); see also DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151, 163-64 (1983).

Accordingly, defendant's motion to dismiss is hereby GRANTED, and the instant action is hereby DISMISSED.[2]

**IT IS SO ORDERED.**

Dated:  December 23, 2008

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] By Order filed November 26, 2008, the Court granted defendant's Request for Judicial Notice.  (See Order filed Nov. 26, 2008, at 2 n.1.)

[2] Plaintiff's request for leave to amend (see Sur-Reply at 3:19-21) is hereby DENIED, for the reason that plaintiff has failed to identify any proposed amendment that would cure the deficiency noted herein.

2